### ATKINSON v. SINGER MANUF'G CO.

(Common Pleas of New York City and County, General Term. August 22, 1895.)

PREMATURE BRINGING OF ACTION—WAIVER OF OBJECTION.
  Objection cannot be made, on appeal, that an action by an employé to recover a deposit for honest performance of his duties was prematurely brought, even if the agreement between him and his employer was that only 60 days should elapse, after termination of the employment, before the deposit was to be returned, such objection not having been made on the trial, and the attention of the court having been called away from it by a contest between the parties as to whether the agreement provided for the lapse of 60 or 90 days before return of the deposit.

Appeal from First district court.

Action by Maurice B. Atkinson against the Singer Manufacturing Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Booraem, Hamilton, Beckett & Ransom, for appellant.
John Callahan, for respondent.

GIEGERICH, J.   This action was brought to recover back $75 which the respondent had deposited as security for the honest performance by him of his duties as employé of the appellant. The record shows that he left their employment, by mutual consent, on the 9th day of February, and this action was begun on the 12th day of the same month and year. There was a strenuous contest between the parties, upon the trial, as to whether the agreement was that a period of 60 or 90 days must elapse, after the termination of the employment, before the deposit was to be returned. The appel-

lant now urges that the action was prematurely brought, in either event; but this objection was not made upon the trial. In fact, the attention of the court was called away from it by a conflict over a point that was really immaterial. Under the circumstances, we do not feel bound to consider the objection upon appeal, especially as it does not appear that injustice has resulted.

The judgment is affirmed, with costs.